```
 UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SHERWIN BIRKETT,
                    Petitioner,

      -against-                        MEMORANDUM AND ORDER
                                       Civil Action No.
UNITED STATES OF AMERICA,              CV-97-1526
                    Respondent.
---------------------------------X
```

Trager, J.:

Petitioner Sherwin Birkett ("defendant") brings the instant motion pursuant to 28 U.S.C. § 2255, alleging that the sentence that the district court imposed upon him violated his federal constitutional rights under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). For the reasons that are set forth below, defendant's motion is denied.

**Background**

**(1)**

**Defendant's Crime and Conviction**

At a trial conducted in 1992, a jury convicted defendant of the crimes of racketeering (18 U.S.C. § 1962[c] - indictment Count One), conspiracy to distribute crack cocaine (21 U.S.C. § 846 - indictment Count Four) and murder in aid of racketeering (18 U.S.C. § 1959 - indictment Count Five). Defendant's convictions arose from his participation in a crack cocaine distribution organization, headed by Eric Vassell, that operated in the Crown Heights area of Brooklyn from 1979 through 1990.

Defendant's primary role within the organization was that of an enforcer; he was involved in two murders, including the premeditated murder of a rival drug dealer.  Defendant was also involved in packaging crack cocaine and supplying it to the Vassell organization's retail sellers.  See generally United States v. Vassell, 970 F.2d 1162, 1163 (2d Cir.), cert. denied, 506 U.S. 1009 (1992); Memorandum and Order, Birkett v. United States, 97-CV-1526, March 31, 1998 of the Vassell organization and defendant's role within that organization).

Judge Reena Raggi (the "district court"), then a district judge, presided over defendant's trial.  After the jury convicted defendant, the district court sentenced him in accordance with United States Sentencing Commission Guidelines.  The district court's computation of the guideline sentence under Count One -- the racketeering count -- was based upon the seriousness of the underlying racketeering activity for which the jury convicted defendant.  See U.S.S.G. § 2E1.1(a)(2) (providing that the base offense level of racketeering is the greater of 19 or "the offense level applicable to the underlying racketeering activity").

Defendant's first predicate act of racketeering -- Act I in the indictment -- was conspiracy to distribute narcotics.  The guideline base offense level for the narcotics conspiracy was based upon the quantity of narcotics that the district court

attributed to defendant -- more than fifty kilograms -- supplemented by a two level enhancement for defendant's use of a firearm during the conspiracy.  The adjusted offense level for the narcotics conspiracy predicate was 42.  U.S.S.G. § 2D1.1(b)(1).  Defendant's second predicate act of racketeering -- Act V in the indictment -- was the murder of a rival drug dealer.  The guideline base offense level for the murder predicate was 43.  U.S.S.G. § 2A1.1(a).

Defendant's conviction upon the narcotics conspiracy count, Count Four, was again based upon the amount of narcotics that the court attributed to defendant and defendant's possession of a weapon.  That count carried an offense level of 42.  PSR ¶ 72.  Defendant's conviction upon the murder in aid of racketeering count, Count Five, carried an offense level of 43.  PSR ¶ 73.

Because the jury convicted defendant of multiple counts, the district court grouped together closely related counts and adjusted the total offense level.  The district court determined that the total offense level was 43.  Offense Level 43 carried a sentence of life imprisonment. U.S.S.G. §§ 3D1.4, 3D1.5.  On July 28, 1992, the district court sentenced defendant to life imprisonment.

**(2)**

**The Post Conviction Proceedings**

Defendant appealed his conviction. On appeal, defendant claimed that the grand jury presentation was defective and that the trial evidence was legally insufficient to establish that defendant participated in a single narcotics conspiracy and a pattern of racketeering activity. On May 13, 1993, in an unpublished summary order, the United States Court of Appeals for the Second Circuit affirmed defendant's conviction. United States v. Vassell, 970 F.2d 1162 (2d Cir. 1992), United States v. Vassell, Nos 92-1296, slip op. (2d Cir. May 13, 1993). Defendant did not file a petition for a writ of certiorari.

More than three years after the Second Circuit affirmed his conviction, defendant sought habeas corpus review. On March 27, 1997, defendant filed a pro se motion, brought pursuant to 28 U.S.C. § 2255, in which he challenged his conviction and sentence. In his petition, defendant claimed that the narcotics offenses should not have been tried in New York, that aspects of the district court's jury instructions were erroneous and that his sentence was calculated incorrectly under the guidelines.

On March 13, 1998, the district court ruled that defendant's petition was untimely. Memorandum and Order, Birkett v. United States, 97-CV-1526, March 31, 1998 (Raggi, J.). In reaching its conclusion, the district court cited Peterson v. Demskie, 107

4

F.3d 92 (2d Cir. 1997), in which the Second Circuit had stated, in dicta, that a prisoner who had several years to contemplate bringing a habeas corpus action had a "reasonable time," but not necessarily a full year, after the effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), in which to file a motion under 28 U.S.C. § 2255.  Id. at 97.  The district court also ruled that defendant's claims were without merit. Memorandum and Order, Birkett v. United States, 97-CV-1526, March 31, 1998 at 32 (Raggi, J.) [1]  The district court declined to issue a certificate of appealability to defendant.

In 1998, the Second Circuit decided Mickens v. United States, 148 F.3d 145 (2d Cir. 1998), abrogating Peterson v. Demskie.  In Mickens, the Second Circuit ruled that every federal prisoner whose conviction became final before the enactment of AEDPA on April 24, 1996, possessed a one-year grace period from the enactment of AEDPA in which to file an application for habeas corpus relief under to 28 U.S.C § 2255.

On December 27, 2000, defendant moved in the United States Court of Appeals for the Second Circuit ("Second Circuit") for permission to file a successive habeas corpus petition under 28

---

[1] In 1998, defendant attempted, without success, to challenge the grand jury proceedings that resulted in the conviction that is before this Court.  Defendant also brought a petition for a writ of error coram nobis.  On August 19, 1999, the district court denied defendant's petition. These proceedings are not summarized because they are not relevant to the instant case.

5

U.S.C. § 2255.  See 28 U.S.C. § 2244 (b)(3),(4) (requiring the defendant to obtain the authorization of a three judge panel of the appropriate court of appeals before a successive habeas corpus petition may be considered).  In his new petition, defendant sought permission to challenge his narcotics distribution conspiracy conviction under Apprendi v. New Jersey, 530 U.S. 466 (2000), decided six months earlier, in which the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 476.

Initially, the Second Circuit stayed defendant's application pending its determination of whether Apprendi v. New Jersey presented a new rule of constitutional law that was retroactive to cases that were past the process of direct review. Thereafter, on November 13, 2003, the Second Circuit denied defendant's motion to file a successive petition as "unnecessary," and transferred defendant's application under 28 U.S.C. § 2255 "to the district court to be treated as a first habeas petition."  The Second Circuit ruled that because the district court had decided incorrectly that defendant's first application for 28 U.S.C. § 2255 relief was time-barred, that application did not qualify as a first petition.  Consequently, defendant's subsequent application for 28 U.S.C. § 2255 for

relief under Apprendi v. New Jersey was not a successive petition that required Second Circuit authorization. See Muniz v. United States, 236 F.3d 122, 128-29 (2d Cir. 2001) (per curiam) (because the district court erroneously dismissed the federal prisoner's first petition as time-barred, the prisoner's subsequent petition was not a successive petition within the meaning of AEDPA).

## Discussion

Defendant's challenge under 28 U.S.C. § 2255 is based upon the decision of the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant argues that, under Apprendi, vacatur of his sentence is warranted because, when the district court imposed sentence, it based the sentence, in part, upon a finding as to the quantity of narcotics that defendant conspired to distribute, although no specific quantity of narcotics was alleged in the indictment or found by the jury. For the reasons set forth below, defendant's motion is denied.

In Apprendi, a state case, decided on June 24, 2000, the Supreme Court ruled that, under the Sixth Amendment, "other than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In defendant's case, a federal case, the rule of Apprendi also requires that any such penalty-enhancing fact be charged in an indictment. United States v. Cotton, 525 U.S. 625, 627 (2002); Coleman v. United States, 329 F.3d 77, 84 n5 (2d Cir. 2003); see Apprendi, 430 U.S. at 476.

In United States v. Thomas, 274 F.3d.655 (2d Cir. 2001), the Second Circuit interpreted Apprendi and applied it to the conspiracy statute -- 21 U.S.C. § 846 -- under which the jury convicted defendant. The Second Circuit held that where a defendant is convicted under the statute, but the amount of cocaine involved is not specified in the indictment and is not found by a jury, the sentence may not exceed the twenty year term of imprisonment that is authorized for a defendant's involvement with an unspecified quantity of cocaine. Id. at 662-63; see 21 U.S.C. § 841(b)(1)(C).

However, defendant does not benefit from the holding of Apprendi. First, because defendant did not raise an Apprendi issue on direct appeal, he is barred from raising it on collateral review. Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005); Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).

Defendant may not be excused from his inaction in the appellate court. In order to be excused from a procedural default, a defendant must show (1) cause for the default and prejudice resulting from it, or (2) actual innocence. <u>Bousley v. United States</u>, 523 U.S. 619, 622 (1998); <u>Murray v. Carrier</u>, 477 U.S.478, 488(1986); <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998), <u>cert</u>. <u>denied</u>, 527 U.S. 1012 (1999). Defendant does not attempt to excuse his failure to raise his <u>Apprendi</u> claim on direct appeal.[2] Defendant also does not claim that he is actually innocent. Consequently, review of defendant's claim is barred.

Second, even if defendant's <u>Apprendi</u> claim could be reviewed, it would fail on its merits. The Supreme Court decided <u>Apprendi</u> on June 26, 2000. In <u>Coleman v. United States</u>, 329

---

[2] Defendant's failure to claim on direct appeal that he was illegally sentenced under <u>Apprendi</u> is not excused by the fact that <u>Apprendi</u> had not been decided at the time defendant appealed. The lack of any legal basis for a claim may constitute "cause." <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984); <u>see</u> <u>Roman v. Abrams</u>, 822 F.2d 214, 223-24 (2d Cir. 1987). However, at the time of defendant's appeal, <u>Apprendi</u> claims were not claims for which a legal basis was entirely lacking. <u>United States v. Pettigrew</u>, 346 F.3d 1139, 1144 (D.C. Cir. 2003); <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001); <u>Smith v. United States</u>, 241 F.3d 546, 548-49 (7th Cir. 2001); <u>Taylor v. United States</u>, 2000 U.S. Dist. LEXIS 2097 (E.D.N.Y. 2000) (each case observing that the legal bases for <u>Apprendi</u> challenges were available once the Supreme Court decided <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 87-88 (1986), in which the Supreme Court recognized that a statutory scheme might be unconstitutional if it keeps facts that expose a defendant to greater punishment from jury consideration).

F.3d 77 (2d Cir. 2003), the Second Circuit held that <u>Apprendi</u> applies retroactively only to cases in which the defendants' convictions became final after June 26, 2000. <u>Id.</u> at 78, 90. For purposes of 28 U.S.C. § 2255, the conviction of a defendant who does not seek United States Supreme Court review becomes final when the ninety day post-judgment period for filing a petition for certiorari expires. <u>Clay v. United States</u>, 537 U.S. 522, 527-28 (2003); Sup. Ct. R. 13(1).

In the present case, defendant's conviction and sentence were upheld by the Second Circuit on May 13, 1993. Defendant's conviction became final on August 11, 1993, which was the end of his ninety day period for seeking Supreme Court review. Because defendant's conviction was final before June 26, 2000, the date that the Supreme Court decided <u>Apprendi</u>, <u>Apprendi</u> does not apply to defendant's case.

Third, even if <u>Apprendi</u> did apply to defendant's case, defendant would not be eligible for a reduction in sentence. In addition to convicting defendant of narcotics conspiracy, the jury convicted defendant of racketeering, based upon a predicate act of premeditated murder, and murder in aid of racketeering. In light of these additional convictions, even if the sentence for defendant's narcotics conspiracy is changed to the twenty-year sentence authorized by <u>Apprendi</u>, defendant will still serve life in prison for his other crimes. Under these circumstances,

any <u>Apprendi</u> error is harmless.  <u>United States v. Outen</u>, 286 F.3d 622, 639-40 (2d Cir. 2002); <u>United States v. Rivera</u>, 282 F.3d 74, 77-78 (2d Cir. 2002) (both holding that an improper sentence under <u>Apprendi</u> on one count of a multiple count conviction is harmless where the total term of imprisonment is not affected).

## Conclusion

For the reasons that are set forth, defendant's motion is dismissed.  The Clerk of the Court is directed to close the case.

Dated:     Brooklyn, New York
           April 28, 2008

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge